## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALBERTO GONZALEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANO HEALTH, INC. f/k/a JAWS ACQUISITION CORP., MARLOW HERNANDEZ, BRIAN D. KOPPY, JOSEPH L. DOWLING, and MICHAEL RACICH, <br><br> Defendants | Case No. 1:22-cv-20827-KMW |

## GUDELIO FUNDORA'S OPPOSITION TO THE MOTION OF CHARLES BOGGESS, JR. FOR LEAVE TO FILE A SUR-REPLY

Gudelio Fundora ("Fundora") submits this opposition to the Motion of Charles Boggess, Jr. ("Boggess") for Leave to File a Sur-Reply to Gudelio Fundora's Reply Memorandum of Law (Dkt. No. 33). *See* Dkt. No. 35 ("Motion for Leave"); Dkt. No. 35-1 ("Proposed Sur-Reply").

## I.     ARGUMENT

Boggess's Motion for Leave should be denied. Boggess argues that he should be permitted to file a sur-reply on the basis that Fundora made "new arguments regarding Boggess's and his counsel's conduct in this litigation" including that "Boggess and his counsel have attempted to intimidate Fundora" and that "Boggess's counsel failed to perform adequate due diligence into Fundora's criminal background." *See* Motion for Leave ¶ 1. Boggess is incorrect—the statements Boggess references are rebuttals to the arguments Boggess made in his opposition memorandum (Dkt. No. 30). Rebuttals are not "new arguments." *See Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-cv-20140, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("[T]here is '[a] significant difference . . . between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other' when they are raised in reply briefs.").

First, Characterizing Boggess's behavior as an attempt to "intimidate" Fundora is in direct response to the fact that Boggess dredged up and republished embarrassing facts about Fundora's past which courts widely consider to be legally irrelevant. Moreover, counsel for Boggess was on notice, prior to filing their opposition memorandum, that Fundora viewed their behavior as an attempt to intimidate him. *See* Dkt. No. 30-4 (letter from Fundora's counsel to Boggess's counsel dated May 27, 2022, stating "[d]ragging Mr. Fundora's past into this lead plaintiff dispute serves no legitimate legal purpose and would only serve to intimidate and harass Mr. Fundora"). As such, Boggess had an opportunity to address the intimidation claim in both his opposition and reply memoranda. He declined.

Second, Fundora's claims about Boggess's counsel's lack of diligence was in direct

response to Boggess's claims that Fundora had interfered with Boggess's counsel's ability to investigate Fundora's background, and that Fundora should be penalized as a result. As such, Fundora's rebuttal on this point is not a "new argument" that warrants a sur-reply.

Boggess also claims that a sur-reply is justified on the basis that Fundora's reply "makes new factual assertions regarding, *inter alia*, the disposition, circumstances and/or accuracy of various criminal charges brought against Fundora." *See* Motion for Leave ¶ 2. Fundora corrected factually inaccurate and misleading claims that Boggess set forth in his opposition memorandum. Moreover, Boggess does not appear to contest Fundora's corrections in his Proposed Sur-Reply. Correcting inaccurate assertions does not justify a sur-reply. *See Giglio Sub s.n.c. v. Carnival Corp.*, No. 12-cv-21680, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012) (new facts are permitted "as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues"). For these reasons, Boggess's Motion for Leave should be denied.

Boggess's Motion for Leave should also be denied for the additional reason that the Proposed Sur-Reply contains yet another misleading claim about Fundora's past that the Court should not permit on the public docket. Boggess again implies that Fundora was charged with cannabis possession. *See* Proposed Sur-Reply at 3 ("Fundora's reply brief states that he 'is not aware of' being charged with cannabis possession . . . but Fundora has not submitted a declaration to rebut Boggess's findings."). While Boggess claimed in his opposition memorandum that Fundora was charged with cannabis possession, Boggess has not yet submitted any evidence proving such a charge exists. Counsel for Fundora has independently searched for evidence of the claimed charge, including by consulting Fundora, but could not find any. Leveling such reputational attacks without proof is irresponsible, and the Court should decline Boggess's request to do so again.

## II.    CONCLUSION

For the foregoing reasons, the Court should deny Boggess's Motion for Leave.


Dated:  June 24, 2022                                Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
lwd@desmondlawfirm.com

*Counsel for Gudelio Fundora and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: info@glancylaw.com

*Counsel for Gudelio Fundora and Proposed Lead Counsel for the Class*

3

## <u>CERTIFICATE OF SERVICE</u>

I, Leo W. Desmond, hereby certify that on June 24, 2022, a true and accurate copy of the

above document was electronically filed with the Clerk of the Court by using the CM/ECF system

which will send Notice of Electronic Filing (NEF) to all counsel of record.

*s/ Leo W. Desmond*
Leo W. Desmond
