**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:22-CV-20827-WILLIAMS/SANCHEZ**

ALBERTO GONZALEZ, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

CANO HEALTH, INC. f/k/a JAWS
ACQUISITION CORP., MARLOW
HERNANDEZ, and BRIAN D. KOPPY,

        Defendants.

**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO
STRIKE PORTIONS OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION
COMPLAINT AND ATTACHMENTS THERETO**

Defendants Cano Health, Inc. ("Cano Health") and Marlow Hernandez and Brian D. Koppy

(the "Individual Defendants," and together with Cano Health, "Defendants"), by and through

undersigned counsel, file this motion to strike portions of Plaintiff's Memorandum in Opposition

to Defendants' Motion to Dismiss the Amended Class Action Complaint ("Opposition"), and the

Declaration of Casey E. Sadler in Support of Plaintiff's Memorandum in Opposition to

Defendants' Motion to Dismiss the Amended Class Action Complaint ("Sadler Declaration"), and

Exhibit A to the Sadler Declaration (together with the Opposition and the Sadler Declaration, the

"Documents"). D.E. Nos. 57, 57-1. As Plaintiff acknowledges, the Opposition, Sadler Declaration,

and Exhibit A to the Sadler Declaration include "new" facts, allegations, and arguments raised for

the first time in the Opposition based on an unsuccessful lawsuit then-pending in the Delaware

Court of Chancery. Rather than focusing his Opposition on defending the sufficiency of the factual

1

allegations presented in the Amended Complaint ("AC"), Plaintiff instead attempts to paint Defendants in a negative light by trying to amend his AC through his Opposition, in clear violation of established law governing dismissal briefing. For these reasons, discussed in greater detail below, this Court should disregard the factual allegations that Plaintiff raises for the first time in his Opposition, the Sadler Declaration, and Exhibit A to the Sadler Declaration and strike these Documents.[1]

## BACKGROUND

Plaintiff initiated this action on March 18, 2022, and thereafter filed the AC on February 21, 2023. D.E. No. 51. In the AC, Plaintiff, on behalf of a proposed class who purchased or otherwise acquired the publicly traded securities of Cano Health between May 7, 2021 and February 25, 2022, AC ¶ 1, alleged that "Defendants issued materially misleading statements about [Cano Health's] financial results." AC ¶ 41. Plaintiff specifically alleged that Defendants committed securities fraud relating to Cano Health's misapplication of generally accepted accounting principles ("GAAP") for the recognition of revenue from Medicare contracts. *See* AC ¶¶ 41–43.

On April 7, 2023 Defendants filed the Defendants' Motion to Dismiss the Amended Complaint and Supporting Memorandum of Law ("Motion to Dismiss"). D.E. No. 54. On May 24, 2023, Plaintiff filed the Opposition. D.E. No. 57. In support of his Opposition, Plaintiff included, for the first time, facts from and arguments based on a derivative complaint filed by certain former directors of Cano Health against certain current directors of Cano Health in the Delaware Court of Chancery, related to a proxy contest and unrelated to the allegations in this case (the "Delaware

---

[1] Irrespective of whether the Court strikes the Documents or information contained therein as requested, the Court should dismiss the AC for the reasons set forth in Defendants' Motion to Dismiss the Amended Complaint and Supporting Memorandum of Law and supporting Reply.

Complaint"). *See* Opposition at 2, 8–9, 16, 24–25. The former directors filed the Delaware Complaint to enjoin Cano Health from enforcing the nomination deadline for the Board of Directors and to adjourn its Annual Meeting to enable the plaintiffs to nominate their own slate of directors, relief recently denied by the Court of Chancery. Attached to the Opposition is the Sadler Declaration, to which the Delaware Complaint is attached as Exhibit A. D.E. No. 57-1.

The Opposition relies heavily on and quotes and paraphrases extensively from the Delaware Complaint, noting that "Defendant Hernandez and the remaining Cano directors are being sued . . . for their governance failures" and arguing that "[t]hese new facts" somehow "bolster" the case of scienter against the Individual Defendants and support an inference of fraud in the case before this Court. *See* Opposition at 8, 24–25. Defendants hereby move to strike those references to the Delaware Complaint in the Opposition, specifically (i) the last paragraph of Opposition page 2, (ii) the first complete sentence on Opposition page 16; (iii) Section II.F of the Opposition, and (iv) Section V.C of the Opposition.

## ARGUMENT

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Crayton v. Opa-Locka Police Dep't*, 2023 WL 3353927, at *4 (S.D. Fla. Apr. 22, 2023) (quotation omitted), *report and recommendation adopted*, 2023 WL 3341629 (S.D. Fla. May 10, 2023); *see Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (affirming denial of leave to amend where plaintiffs requested leave in memorandum filed in opposition to motion to dismiss); *Ashmore v. F.A.A.*, 2011 WL 3915752, at *4 (S.D. Fla. Sept. 2, 2011) (plaintiff did not establish prima facie case because although he identified required element in opposition to motion to dismiss, a plaintiff cannot amend a complaint through a brief in opposition to a motion to dismiss). Moreover, a document that is not attached to the complaint but

that is filed with a later motion to dismiss opposition brief may only be considered if (1) the plaintiff referred to the document in the complaint, (2) the document is central to the plaintiff's claim, and (3) its authenticity is not challenged. *Wilson v. Chattem, Inc.*, 2009 WL 10667847, at *2 (S.D. Fla. Sept. 17, 2009). Where a plaintiff has attached extraneous exhibits to an opposition to a motion to dismiss, a court should disregard those exhibits. *E.g.*, *Barker v. Wilkins*, 2011 WL 3167069, at *1 & n.2 (M.D. Fla. July 27, 2011) ("Because [Defendants] filed motions to dismiss and not motions for summary judgment, the Court will not consider either Plaintiff's exhibits or his Affidavit [which were attached to his oppositions to the motions].").

The Court should exercise its "inherent authority to strike improperly-filed papers other than pleadings . . . to . . . streamline litigation, and avoid unnecessary forays into immaterial matters," *Jean v. Minnesota Life Ins. Co.*, 2020 WL 2926663, at *3 (S.D. Fla. May 12, 2020), so as not to allow Plaintiff's clear attempt to circumvent the Rules of Civil Procedure by attempting to amend his AC through the inclusion of the facts and allegations from and arguments based on the Delaware Complaint.[2] *See Burgess,* 600 F. App'x at 665.

In addition to the clear violation of the Federal Rules of Civil Procedure, the information contained in the Delaware Complaint is irrelevant to the issues before this Court in this case, as set forth in more detail in Defendants' Reply in Support of Their Motion to Dismiss, filed contemporaneously herewith. Plaintiff discovering a separate complaint filed against Dr. Hernandez (and against Cano Health as a nominal defendant only) does nothing to strengthen his

---

[2] To the extent the Court construes Rule 12(f) as allowing it to strike the Sadler Declaration and Exhibit A to the Sadler Declaration, the Court should strike those documents under Rule 12(f). *See Honus Wagner Company v. Luminary Groups LLC*, 2017 WL 6547899, at *5 (S.D. Fla Dec. 21, 2017) (striking affidavits supporting plaintiff's opposition to motion to dismiss because it "appear[ed] to be an attempt by Plaintiff's counsel to amend the operative complaint . . . without seeking leave of Court").

claims against the Defendants with entirely unrelated allegations arising in the context of a now unsuccessful proxy contest. As Plaintiff explains, the Delaware Complaint included allegations concerning related-party transactions and alleged violations of Cano Health's code of conduct. *See* Opposition at 8. Such allegations bear no weight on the AC's allegations, which focus on GAAP violations and disclosure thereof, scienter of the Defendants related to these allegations, and loss causation relating to the disclosures. Therefore, the Court should exercise its inherent authority and strike the Documents, so as to "avoid [an] unnecessary foray[] into immaterial matters." *See Jean*, 2020 WL 2926663, at *3.

## CONCLUSION

Plaintiff cannot use his Opposition as an opportunity to cure the pleading deficiencies identified in Defendants' Motion to Dismiss. The aforementioned information is improperly before the Court and is irrelevant to the issues raised in the AC and should therefore be stricken. For these reasons, Defendants respectfully request that this Court strike the last paragraph of page 2, the first complete sentence on page 16, Section II.F, and Section V.C of the Opposition, the Sadler Declaration, and Exhibit A to the Sadler Declaration.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Defendants' undersigned counsel hereby certify that, pursuant to Local Rule 7.1(a)(3), the parties have conferred and counsel for Plaintiff does not consent to the relief requested herein.

June 23, 2023                    By:    */s/ Peter R. Goldman*
                                        Peter R. Goldman (FBN 860565)
                                        Nina C. Welch (FBN 118900)
                                        Danna Khawam (FBN 1025114)
                                        **NELSON MULLINS RILEY &
                                        SCARBOROUGH LLP**
                                        100 S.E. 3rd Avenue, Suite 2700
                                        Fort Lauderdale, FL 33394
                                        Telephone: (954) 745-5239
                                        Facsimile: (954) 761-8135
                                        peter.goldman@nelsonmullins.com

nina.welch@nelsonmullins.com
danna.khawam@nelsonmullins.com

**GOODWIN PROCTER LLP**
Deborah S. Birnbach (*pro hac vice*)
Katherine McKenney (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
dbirnbach@goodwinlaw.com
kmckenney@goodwinlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will furnish a copy to all counsel of record.

*/s/ Peter R. Goldman*
Peter R. Goldman

6