**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20827-CIV-WILLIAMS/SANCHEZ**

ALBERTO GONZALEZ, Individually and on
Behalf of All Others Similarly Situated,

           Plaintiff,

           v.

CANO HEALTH, INC. f/k/a JAWS
ACQUISITION CORP., MARLOW
HERNANDEZ, BRIAN D. KOPPY, JOSEPH
L. DOWLING, and MICHAEL RACICH,

           Defendants,

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE PORTIONS OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION
COMPLAINT AND ATTACHMENTS THERETO**

Lead Plaintiff Gudelio Fundora ("Plaintiff") opposes Defendants' Motion to Strike

Portions of Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss the

Amended Class Action Complaint and Attachments Thereto (Dkt. No. 60, "MTS") because

Defendants have not shown they are entitled to such drastic relief. Moreover, precluding

consideration of the new facts (that were publicized only after Defendants filed their Motion to

Dismiss) would prejudice Plaintiff.[1]

---

[1] Citations to the Amended Class Action Complaint (the "Complaint," Dkt. No. 51) are in the form "¶__." Capitalized terms shall have the same meanings as in the Complaint, except that "Defendants" refers to Defendants Cano, Marlow Hernandez, and Brian D. Koppy. Unless otherwise noted, citations and quotations are omitted and emphasis is added throughout.

## BACKGROUND

On March 18, 2022, Plaintiff Alberto Gonzalez[2] filed a complaint against Defendants and defendants Joseph L. Dowling and Michael Racich for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Dkt. No. 1.

Following the statutory lead plaintiff process, Plaintiff was appointed lead plaintiff on December 22, 2022. *See* Dkt. No. 45. Plaintiff filed the Complaint on February 21, 2023 (Dkt. No. 51), and Defendants filed their motion to dismiss the Complaint on April 7, 2023 (Dkt. No. 54).

Nearly a month after Defendants' motion to dismiss was filed, on May 3, 2023, former members of Cano's Board of Directors filed a verified complaint in the Court of Chancery for the State of Delaware (the "Derivative Complaint"). *See* Dkt. No. 57-2. The Derivative Complaint raises new facts, revealing for the first time that Company executives entered into related party transactions that were not publicly disclosed (which was found to likely violate federal securities laws). *Id.* at ¶¶ 52-55, 57, 77. Plaintiff raised these new facts and explained their relevance to the instant action at his first opportunity, *i.e.* in his Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (Dkt. No. 57, the "MTD Opp."). Concurrent with their Reply in Support of Their Motion to Dismiss (Dkt. No. 61, "MTD Reply"), Defendants move to strike the references to the Derivative Complaint and the Derivative Complaint itself.

---

[2] Defendants mistakenly state that "Plaintiff initiated this action on March 18, 2022, and thereafter filed the AC on February 21, 2023." MTS at 2. The plaintiff who initiated this action was Alberto Gonzalez, and the plaintiff who is currently prosecuting this action is Gudelio Fundora, who was appointed lead plaintiff pursuant to the PSLRA.

## ARGUMENT

A motion to strike is a "drastic remedy generally disfavored by courts." *Pujals v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011). Therefore, such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010).

### A.      Defendants Seek To Strike Matters Highly Relevant To This Action

Defendants seek to strike references to the Derivative Complaint as "unnecessary forays into immaterial matters," but the new facts are highly relevant to Plaintiff's prima facie case.[3] Defendants incorrectly characterize the Derivative Complaint as "irrelevant" based on the relief requested therein and the precise nature of the transactions (MTS at 4-5), but this misses the mark. The allegations in the Derivative Complaint by former directors (whose veracity is not disputed) raise questions as to Defendant Hernandez's candor and specifically counteracts Defendants' narrative that they "promptly" disclosed their determination to change the accounting methodology for nearly all of Cano's revenue.[4] MTD Opp. 22-25. The purported irrelevance of the Derivative Complaint cannot be reconciled with Defendants' repeated emphasis that that lawsuit was "unsuccessful." *See* MTS at 3, 5; MTD Reply at 12.

---

[3] For the avoidance of doubt, since the Motion to Strike referred to their MTD Reply, Plaintiff's response in this section does not constitute an improper sur-reply to Defendants' motion to dismiss. *See* MTS at 4 (referring to MTD Reply).

[4] Defendants' argument that Plaintiff "misrepresented" the Derivative Complaint is puzzling and warrants clarification. MTD Reply at 12 n.8. As Defendants note, "there are no allegations whatsoever about a lack of 'forthrightness' with the Company's outside auditor" (*id.*), but Plaintiff did not purport to identify any (*see* MTD Opp. at 22). Rather, the Derivative Complaint identifies several undisclosed transactions: either the auditor knew but did not disclose them (which raises questions as to faithful disclosure of the accounting methodology in this action) or the auditor did not know (which underscores Defendant Hernandez's lack of candor).

Moreover, Defendants do not articulate any basis for prejudice as to them by the inclusion of the Derivative Complaint in Plaintiff's opposition to Defendants' motion to dismiss. Nor could Defendants, as they have had now two opportunities to address Plaintiff's allegations related to the Derivative Complaint.  In contrast, Plaintiff would be prejudiced if the motion to strike were granted because it would preclude consideration of facts relevant to the Court's ruling on Defendants' motion to dismiss.

Therefore, there is no reason to deviate from the general trend that motions to strike be denied.

**B.       While Plaintiff Introduced The Derivative Complaint As Soon As Possible To Prevent Waiver, If The Court Determines That This Was Procedurally Improper, The Appropriate Remedy Is To Grant Leave To Amend**

Defendants do not dispute that the Derivative Complaint raises facts that were not previously known or knowable by Plaintiff. Nor could they—the Derivative Complaint alleges facts and circumstances gleaned by former Cano directors within the confines of the Boardroom and explicitly alleges that the related party transactions were not publicly disclosed. Dkt. No. 57-2 at ¶¶ 3, 4, 10, 54-57, 59, 77. Instead, Defendants claim that Plaintiff improperly seeks to amend his Complaint through a responsive brief.  MTS at 4.  But, during the pre-filing conference pursuant to Local Rule 7.1(a)(3), Plaintiff specifically requested Defendants' consent to amend the Complaint in a good-faith effort to resolve the issues raised by their motion, which Defendants denied. *See* Declaration of Casey E. Sadler, which is filed concurrently herewith, at Ex. A.

As Defendants would have it, Plaintiff can neither raise these facts through an amended complaint nor through the MTD Opp. However, if Plaintiff had failed to raise the new facts, he may be prejudiced from seeking to introduce them at a later date. *See, e.g.*, *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61-62 (1st Cir. 2018) (affirming denial of leave to amend

securities action citing "undue delay" where plaintiff sought amendment three months after new information was discovered and only three days after court's ruling on motion to dismiss); *Marchelletta v. Bergstrom*, 2017 WL 5505301, at \*1 (N.D. Ga. Feb. 15, 2017) ("When a plaintiff seeks to amend his complaint a year or more after the initiation of the action, courts in this Circuit regularly find undue delay.") (citing cases). Neither case cited by Defendants is analogous to the circumstances here. *See Jean v. Minnesota Life Ins. Co.*, 2020 WL 2926663, at \*3 (S.D. Fla. May 12, 2020) (striking deposition transcript filed in violation of discovery ruling as an improper sur-reply); *Honus Wagner Co. v. Luminary Grp. LLC*, 2017 WL 6547899, at \*5 (S.D. Fla. Dec. 21, 2017) (striking expert affidavit used to improperly amend complaint).

In the event the Court disagrees and finds that new facts were raised on improper procedural grounds, Plaintiff respectfully renews his request for leave to file an amended complaint to include the relevant facts from the Derivative Complaint, as outlined in the MTD Opp. *See Ashmore v. F.A.A.*, 2011 WL 3915752, at \*4-5 (S.D. Fla. Sept. 2, 2011) (disregarding new facts raised in opposition brief, but granting leave to amend) (MTS at 3).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to strike. Alternatively, Plaintiff should be given leave to amend to include these new facts in an amended complaint.

Dated: July 7, 2023

**DESMOND LAW FIRM, P.C.**

By: ___s/ Leo W. Desmond___
Leo W. Desmond, Esquire
Florida Bar Number 0041920
601 21st Street, Suite 300
Vero Beach, Florida 32960
Telephone: (772) 231-9600
Email: lwd@desmondlawfirm.com

*Liaison Counsel for the Class*

5

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Casey E. Sadler (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        csadler@glancylaw.com

*Attorneys for Plaintiff and Lead*
*Counsel for the Class*

## **PROOF OF SERVICE**

I hereby certify that on this 7th day of July, 2023, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*s/ Leo W. Desmond*
Leo W. Desmond