**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:22-CV-20827-WILLIAMS/SANCHEZ**

ALBERTO GONZALEZ, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

   v.

CANO HEALTH, INC. f/k/a JAWS
ACQUISITION CORP., MARLOW
HERNANDEZ, and BRIAN D. KOPPY,

        Defendants.

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE**
**PORTIONS OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**
**<u>AND ATTACHMENTS THERETO</u>**

Plaintiff's Memorandum in Opposition to Defendants' Motion to Strike (D.E. No. 62, "MTS Opp.") concedes that he has alleged "new facts" in his briefing in opposition to Defendants' motion to dismiss. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Crayton v. Opa-Locka Police Dep't*, 2023 WL 3353927, at *4 (S.D. Fla. Apr. 22, 2023) (quotation omitted), *report and recommendation adopted*, 2023 WL 3341629 (S.D. Fla. May 10, 2023). For this reason alone, the Court should strike all references to the Delaware Complaint[1] in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (D.E. No. 57, "MTD Opposition" or "MTD Opp.") and the Sadler Declaration attaching the Delaware Complaint as an exhibit to the MTD Opposition (D.E. No. 57-1). The allegations in

---

[1] Unless otherwise noted, defined terms herein have the same meaning as in Defendants' Motion and Incorporated Memorandum of Law to Strike, D.E. No. 60.

the Delaware Complaint, filed after Plaintiff's AC, are entirely unrelated to the allegations, disclosures, and claims in this case. The only connection Plaintiff contends exists is that the allegations in the Delaware Complaint reflect upon the "candor" of one Defendant in this case. If such an abstract link were sufficient to incorporate an entirely different complaint into this case, such an outcome would completely upend the purpose and strict pleading standards of the PSLRA, which is designed to limit abusive and frivolous securities lawsuits. Plaintiff's improper attempt to merge a completely unrelated lawsuit into this one is a clear concession that the AC is deficient and should be dismissed.

Plaintiff alternatively asks the Court to grant him leave to amend his AC to incorporate the allegations from the Delaware Complaint. This request should be denied as it is both futile and unduly prejudicial to Defendants. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270–71 (11th Cir. 2006) (noting district court's "broad discretion" to permit or refuse leave to amend and listing as grounds for refusal "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

As the Eleventh Circuit has recognized, "Under Fed. R. Civ. P. 15(a)(2), the court should freely give leave when justice so requires. Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255–57 (11th Cir. 2008) (affirming dismissal and denial of leave to amend) (quotation omitted). This is one such hopeless case. As set forth more fully in Defendants' briefing on their motion to dismiss (D.E. Nos. 54, 56, 61), the AC falls far short of meeting the PSLRA's heightened pleading standards to state a claim under Section 10(b) of the Securities Exchange Act

2

of 1934, requiring Plaintiff to "state with particularity *facts* giving rise to a ***strong inference***" of scienter. *Mizzaro*, 544 F.3d at 1238 (emphasis added). Instead, the AC lacks *any* factual allegations, such as allegations of insider trading or allegations attributed to confidential witnesses, internal reports, emails, or other documents, from which the Court could infer that any Defendant knew, or was severely reckless in not knowing, that the Company had misapplied a complex provision of GAAP concerning recognition of revenue from risk-adjusted Medicare payments. The AC's allegations are particularly weak when compared to the competing, non-fraudulent inference that Cano Health's outside auditors, who previously issued a clean audit opinion, discovered the issue with the Company in February 2022 while preparing the Company's 2021 annual audit. The "new facts" Plaintiff is attempting to incorporate from the Delaware Complaint, a case that had nothing to do with accounting, GAAP compliance, or the Company's revenue disclosures, cannot possibly salvage his doomed claims. This is not what Rule 15(a)(2) contemplates.

## ARGUMENT

### I.   PLAINTIFF'S VIOLATION OF THE RULES OF CIVIL PROCEDURE MANDATES THE REMEDY DEFENDANTS SEEK.

Plaintiff misleadingly portrays Defendants' motion to strike as a "drastic" remedy, selectively quoting from *Pujals v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011). *See* MTS Opp. at 3. The full quotation reveals that *Pujals* addressed the specific, and very different, context of motions to strike defendants' affirmative defenses from an answer pursuant to Rule 12(f). *Id.* ("The ***striking of affirmative defenses*** is a 'drastic remedy' generally disfavored by courts.") (emphasis added). To the contrary, it is unquestionable that a plaintiff cannot amend a complaint through an opposition to a motion to dismiss and cannot attach to that opposition documents not referenced in the complaint. *Crayton*, 2023 WL 3353927, at *4; *Ashmore v. F.A.A.*, 2011 WL 3915752, at *4 (S.D. Fla. Sept. 2, 2011) ("plaintiff cannot amend the Complaint in [a] brief in

opposition to a motion to dismiss"); *Grandrimo v. Parkcrest Harbour Island Condo. Ass'n*, 2011 WL 550579, at \*5 (M.D. Fla. Feb. 9, 2011) (same); *Van Hook v. Curry*, 2008 WL 685646, at \*1 (N.D. Cal. Mar. 13, 2008) (granting motion to strike declaration containing new factual assertions attached to opposition to motion to dismiss because those "assertions are irrelevant when considering a motion to dismiss").

Plaintiff has acknowledged—even touted—that these are "new facts" alleged for the first time in his MTD Opposition. *See, e.g.*, MTS Opp. at 1. Yet, Plaintiff has not cited a single case in which a court considered allegations raised for the first time in an opposition brief to decide a motion to dismiss. Plaintiff also concedes that motions to strike are appropriate where "allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *See* MTS Opp. at 2 (quoting *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (granting motion to strike "irrelevant" affidavit)). Both of those conditions are present here, and this Court has "inherent authority" to strike papers other than pleadings under these circumstances. *Jean v. Minnesota Life Ins. Co.*, 2020 WL 2926663, at \*3 (S.D. Fla. May 12, 2020). Even if the Court does not formally "strike" the portions of Plaintiff's MTD Opposition referencing the Delaware Complaint and the Delaware Complaint attached to the Sadler Declaration, the Court should disregard those "new facts" in deciding Defendants' motion to dismiss. *See Crayton*, 2023 WL 3353927, at \*4; *Ashmore*, 2011 WL 3915752, at \*4–\*5.

## II. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND AGAIN MUST BE DENIED AS FUTILE.

In an apparent concession that he has improperly alleged "new facts" in his MTD Opposition that should not be considered on Defendants' motion to dismiss, Plaintiff asks in the alternative for the Court to overlook the deficiencies in his AC and give him yet another bite at the

apple.[2] The Court has the discretion and authority to deny such a request. *See, e.g.*, *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (affirming district court did not abuse its discretion in denying plaintiff's motion for leave to amend). It is also improper to request leave to amend in an opposition brief, as Plaintiff has done here. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (affirming denial of leave to amend where plaintiffs requested leave in memorandum filed in opposition to motion to dismiss). It is particularly appropriate to deny Plaintiff's procedurally improper request for leave to amend here for at least the following reasons:

First, the corporate governance-related allegations of the Delaware Complaint are not relevant to the disclosure-based securities fraud claims in this case, and thus amending the AC to add such allegations would be futile. Even Plaintiff does not pretend otherwise, acknowledging that despite claiming in his MTD Opposition that the Delaware Complaint's allegations "shed new light on the Company's . . . forthrightness with Cano's auditors" (MTD Opp. at 22), Plaintiff now admits that he did not actually identify any such allegations in the Delaware Complaint (MTS Opp. at 3 n.4)—because there are no such allegations in the Delaware Complaint. Instead, Plaintiff holds onto the most attenuated and abstract of connections between his case and the Delaware Complaint: that unrelated allegations that Dr. Hernandez did not disclose certain related-party transactions to Cano Health's Board of Directors[3] "raise questions as to [his] candor" more

---

[2] Of course Defendants understand that the initial complaint filed in this action was filed by a different plaintiff on behalf of the putative class, prior to the Court's appointment of Mr. Fundora as lead plaintiff. *See* MTS Opp. at 2 n.2. Nevertheless, Lead Plaintiff filed an ***amended*** complaint on February 21, 2023, and thus, any subsequent complaint would be the second amended complaint in this action.

[3] Plaintiff notes that the veracity of the former Cano Health directors who filed the Delaware Complaint "is not disputed." MTS Opp. at 3. This makes no sense, given that these are not facts, but rather allegations made by different parties in a different case, and therefore, they do not pass muster under Rule 9(b). *See Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at *3 (S.D.N.Y. Aug.

generally and also "counteract[]" Defendants' competing non-fraudulent inference that Cano Health promptly disclosed its misapplication of GAAP after it and its independent auditor's discovery of the issue while working on the Company's 2021 annual audit. *See* MTS Opp. at 3.[4] Allegations based on an unrelated lawsuit concerning a defendant's alleged lack of "candor" in a different context do not supply a strong inference of scienter, or any inference of scienter at all, with respect to the specific misrepresentations alleged in this case. *See Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, 2013 WL 2154220, at *2 (S.D.N.Y. Mar. 29, 2013) (granting motions to dismiss and holding, "[p]laintiffs' citation to a number of lawsuits and government investigations involving the . . . Defendants also provides no evidence of scienter"). With respect to Defendants' competing non-fraudulent inference of prompt disclosure of the GAAP misapplication upon its discovery, Dr. Hernandez's alleged failure to disclose related-party transactions to the Board of Directors has no bearing upon **the Company's** and **its outside auditor's** discovery of a GAAP compliance issue, particularly where, for the reasons further explained in Defendants' motion to dismiss briefing, Plaintiff has failed to allege that Dr. Hernandez had any involvement in the relevant accounting practices.

Second, permitting Plaintiff to amend his complaint—a second time—to incorporate allegations from the Delaware Complaint would be unduly prejudicial to Defendants, as is obvious from Plaintiff's attempts to overreach and misconstrue those allegations already in his briefing. *See* MTD Opp. at 22 (arguing that Delaware Complaint raised questions about Defendants'

---

19, 2022) (allegations derived from "lawyers' cribbing uncorroborated allegations . . . from a complaint in another action" are "impermissible under Rule 9(b)"). Moreover, the Delaware court recently denied the plaintiffs' motion for preliminary injunction, ending the case. *Sternlicht et al. v. Hernandez et al.*, Case No. 2023-0477-PAF, Order, Jun. 14, 2023.

[4] Plaintiff goes so far as to engage in blatant speculation about whether and when Cano Health's outside auditor knew about the alleged related-party transactions. *See* MTS Opp. at 3 n.4.

"forthrightness" with outside auditors and later admitting it did not in MTS opposition); MTD Opp. at 25 (alleging the Delaware Complaint "only bolster[s] the compelling case of scienter against Defendants Hernandez and Koppy" even though Mr. Koppy was not a defendant in the Delaware Complaint); MTS Opp. at 3 n.4 (speculating, without basis, that the Company's outside auditors knew about and failed to comply with disclosure obligations concerning the related-party transactions). Moreover, if it were the case that any lawsuit filed against a defendant after an action is pending that questioned his character or credibility, or any adverse information at all about a defendant, no matter how unrelated, could give rise to amended allegations, such incorporated allegations could lead to many abuses by plaintiffs, with defendants defending the same allegations in multiple courts, potentially resulting in jurisdictional and *res judicata* issues as well.

This is a case about alleged misrepresentations concerning Cano Health's compliance with a particular GAAP provision concerning revenue recognition from Medicare contracts and the corresponding revenue figures in the Company's financial statements. The Delaware Complaint was about corporate governance issues and candor within the Board of Directors on matters entirely unrelated to revenue recognition from Medicare contracts or any GAAP compliance at all. For this reason, the amendment Plaintiff seeks here is fundamentally different than cases in which courts have disregarded new facts in opposition briefs but subsequently permitted amendment of complaints. *See, e.g.*, *Ashmore*, 2011 WL 3915752, at *4-5 (permitting amendment to identify similarly situated comparator employee as required to establish plaintiff's existing discrimination claim); *Crayton*, 2023 WL 3353927, at *4 (permitting *pro se* plaintiff to amend complaint to cure particular deficiencies, such as identification of police officers and specifying length of his detention in Section 1983 claim). Plaintiff has cited no precedent to support his extraordinary request for leave to amend to incorporate allegations from an entirely unrelated case to demonstrate

a defendant's alleged lack of "candor," and Defendants are not aware of any such precedent. The allegations, which would create a case-within-a-case about corporate governance matters, have no place here and should be rejected by this Court.

## CONCLUSION

For the reasons set forth herein, in Defendants' Motion and Incorporated Memorandum to Strike, as well as the briefing on Defendants' motion to dismiss, Defendants respectfully request that this Court strike, or disregard, all references to the Delaware Complaint from Plaintiff's MTD Opposition and the accompanying exhibit, and deny Plaintiff's request for leave to further amend his AC to incorporate them.

July 14, 2023

By: */s/ Peter R. Goldman*
Peter R. Goldman (FBN 860565)
Nina C. Welch (FBN 118900)
Danna Khawam (FBN 1025114)
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 745-5239
Facsimile: (954) 761-8135
peter.goldman@nelsonmullins.com
nina.welch@nelsonmullins.com
danna.khawam@nelsonmullins.com

**GOODWIN PROCTER LLP**
Deborah S. Birnbach (*pro hac vice*)
Katherine McKenney (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
dbirnbach@goodwinlaw.com
kmckenney@goodwinlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will furnish a copy to all counsel of record.

*/s/ Peter R. Goldman*
Peter R. Goldman