**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20827-CIV-WILLIAMS/SANCHEZ**

ALBERTO GONZALEZ, Individually and on
Behalf of All Others Similarly Situated,

           Plaintiff,

      v.

CANO HEALTH, INC. f/k/a JAWS
ACQUISITION CORP., MARLOW
HERNANDEZ, and BRIAN D. KOPPY,

           Defendants,

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED CLASS ACTION
COMPLAINT (DKT. NO. 51) AND SUPPORTING MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT..........................................................................................................................3

I.      Leave To Amend Must Be Freely Given When Justice So Requires ...................................3

II.     Plaintiff Satisfies The Standards For Granting Leave To Amend .......................................4

        A.      There Is No Undue Delay, Bad Faith, Dilatory Motive, Repeated Failure To Cure
                Deficiencies, Or Undue Prejudice To Defendants.....................................................4

        B.      Permitting Amendment Would Not Be Futile ...........................................................4

CONCLUSION........................................................................................................................7

## **TABLE OF AUTHORITIES**

<u>CASES</u>

*Aldridge v. A.T. Cross Corp.*,
  284 F.3d 72 (1st Cir. 2002)............................................................................................... 6

*FindWhat Inv'r Grp. v. FindWhat.com*,
  658 F.3d 1282 (11th Cir. 2011) ...................................................................................... 5

*Fla. Pediatric Soc. v. Sec'y of Fla. Agency for Health Care Admin.*,
  2008 WL 4072805 (S.D. Fla. July 30, 2008)................................................................... 4

*Fla. Power & Light Co. v. Allis Chalmers Corp.*,
  85 F.3d 1514 (11th Cir. 1996) .................................................................................... 3, 5

*Hayes Healthcare Servs., LLC v. Meacham,*
  331 F.R.D. 441 (S.D. Fla. 2019)..................................................................................... 4

*In re New Century*,
  588 F. Supp. 2d 1206 (C.D. Cal. 2008) ......................................................................... 7

*In re Reliance Sec. Litig.*,
  91 F. Supp. 2d 706 (D. Del. 2000).................................................................................. 7

*Luczak v. Nat'l Beverage Corp.*,
  812 F. App'x 915 (11th Cir. 2020)................................................................................... 7

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011).......................................................................................................... 5

*McKinley v. Kaplan*,
  177 F.3d 1253 (11th Cir. 1999) ...................................................................................... 3

*Schueneman v. Arena Pharm., Inc.*,
  840 F.3d 698 (9th Cir. 2016) .......................................................................................... 6

*Spanierman Gallery, PSP v. Love*,
  320 F. Supp. 2d 108 (S.D.N.Y. 2004)............................................................................. 4

*St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*,
  189 F.3d 815 (11th Cir. 1999) ........................................................................................ 4

*Tampa Bay Water v. HDR Eng'g, Inc.*,
  731 F.3d 1171 (11th Cir. 2013) ...................................................................................... 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)......................................................................................................... 5

<u>STATUTES</u>

15 U.S.C. 78u-4(b)(3)(B)....................................................................................................... 4

<u>RULES</u>

Fed. R. Civ. P. 15 ................................................................................................................... 3

**INTRODUCTION**

Lead Plaintiff Gudelio Fundora ("Plaintiff"), by and through undersigned counsel, hereby moves for leave to amend the Amended Class Action Complaint[1] (Dkt. No. 51, the "AC") against Defendants Cano Health, Inc. ("Cano" or the "Company"), Marlow Hernandez, and Brian Koppy (collectively, "Defendants").

Significant new facts which were not previously known or discoverable have come to light. Specifically, on August 10, 2023, newly appointed interim Chief Executive Officer Mark Kent revealed that Cano took a $44 million charge against its fiscal 2022 reported revenue "due to a shortfall in the Medicare risk adjustment revenue, or MRA, collected versus what was expected and accrued for in prior periods." Moreover, he stated that Cano's MRA process "was a very tedious and manual process" that was "fraught with all kinds of errors," thereby causing the Company to overestimate its MRA revenue. On this news, the Company's stock price fell 73% to close at $0.41 per share on August 11, 2023. Upon this disclosure, Plaintiff's counsel conducted further investigation to uncover additional facts by, among other things, conducting interviews with former employees regarding Cano's "manual process" to report revenue. These facts form an additional basis to support Plaintiff's allegations that Defendants issued materially false and/or misleading statements with requisite scienter and address arguments raised by Defendants' pending motion to dismiss the AC (Dkt. No. 54, the "MTD").

Plaintiff therefore seeks leave to file a Second Amended Complaint ("SAC"), attached hereto as Exhibit 1, to include these factual allegations and streamline this case to avoid unnecessary motion practice. In accordance with Local Rule 15.1, Plaintiff's proposed SAC is filed concurrently herewith.

---

[1] Unless otherwise noted, citations and quotations are omitted and emphasis is added throughout.

**BACKGROUND**

On March 18, 2022, Plaintiff Alberto Gonzalez initiated this action by filing a complaint against Defendants for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Dkt. No. 1. On December 22, 2022, Plaintiff was appointed lead plaintiff in this action. *See* Dkt. No. 45. Plaintiff filed the AC on February 21, 2023. Dkt. No. 51. Defendants filed their MTD on April 7, 2023.[2]

Shortly thereafter, on April 28, 2023, a complaint was filed by former members of Cano's Board of Directors, including Barry Sternlicht, against Defendant Hernandez and the remaining Cano directors. *See Sternlicht v. Hernandez, et al.*, C.A. No. 2023-477 (Del. Ch.) (Dkt. No. 57-2, the "Derivative Complaint"). The Derivative Complaint set forth explosive factual allegations related to Defendants including "egregious violations," "rampant self-dealing, a thwarted investigation into related-party transactions by outside counsel," and "a compromised CEO who borrowed tens of millions of dollars from individuals who sold companies to Cano." *Id.* at ¶¶ 1-2.

On May 24, 2023, Plaintiff submitted his Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (Dkt. No. 57, the "MTD Opp."). Plaintiff's MTD Opp. included *inter alia* the newly discovered facts uncovered in the Derivative Complaint and explained their relevance to the instant action. *Id.*

On June 23, 2023, Defendants filed the pending Motion to Strike portions of Plaintiff's MTD Opp. (Dkt. No. 60, "MTS"). Defendant's MTS asserts Plaintiff's MTD Opp. improperly seeks to amend the AC by including facts related to the Derivative Complaint. MTS at 4.

---

[2] Irrespective of whether the Court grants Plaintiff Leave to Amend as requested, the Court should deny Defendants' Motion to Dismiss for the reasons set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss.

While Defendant's MTD and MTS were pending, Cano hosted a quarterly earnings call on August 10, 2023, which revealed numerous factual admissions relevant to the current matter. Specifically, Mark Kent, Interim CEO of Cano, stated that upon stepping into his role he readily discovered that not all policies related to clinical documentation were being followed, and Cano's MRA estimates had "limited predictive power" because they relied on an "over manual" data back end process. As a result of these ineffective controls, Defendants improperly recognized revenue during fiscal 2022, and Cano reported a $44 million charge to correct the prior overstatements.

Following this news, counsel for Plaintiff conducted additional investigation of the claims, including interviewing several former employees to substantiate the allegation that the deficient controls existed throughout the Class Period and consulting an accounting expert.

Plaintiff now moves this Court for leave to enter the attached SAC which includes additional factual and substantive allegations based on these events.

## ARGUMENT

### I.     Leave To Amend Must Be Freely Given When Justice So Requires

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." F.R.C.P. 15(a). Under Rule 15's liberal policy, there must be a "substantial reason" for a court to deny leave to amend. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

**II.      Plaintiff Satisfies The Standards For Granting Leave To Amend**

      **A.      There Is No Undue Delay, Bad Faith, Dilatory Motive, Repeated Failure To Cure Deficiencies, Or Undue Prejudice To Defendants**

This Motion is made in good faith and in the interest of justice. Plaintiff could not have alleged that the fiscal 2022 financial statements were misleading prior to Cano's August 10, 2023 disclosure, and the new allegations relate to the core underlying misconduct that the Company improperly recognized revenue from Medicare services. *See, e.g.*, *Hayes Healthcare Servs., LLC v. Meacham,* 331 F.R.D. 441, 443 (S.D. Fla. 2019) (amendment was timely where new allegations were based on documents produced during discovery); *Fla. Pediatric Soc. v. Sec'y of Fla. Agency for Health Care Admin.*, 2008 WL 4072805, at *6 (S.D. Fla. July 30, 2008) (plaintiff diligently sought to amend complaint to "reinforce and supplement class certification").

Discovery has not taken place, and there are no proceedings affected by the amendment. *See generally* 15 U.S.C. 78u-4(b)(3)(B). Therefore, there has been no undue delay, and Defendants will not be prejudiced by this amendment. *See Spanierman Gallery, PSP v. Love,* 320 F. Supp. 2d 108, 113 (S.D.N.Y. 2004) (no undue prejudice where new facts relate to "same basic premise as the original complaint" and the case has not proceeded to discovery); *see generally Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings.").

      **B.      Permitting Amendment Would Not Be Futile**

Denial of leave to amend based on futility constitutes a legal conclusion by the court that the complaint, as amended, would necessarily fail. *See St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 189 F.3d 815, 822 (11th Cir. 1999). "The futility threshold is akin to that for a motion to dismiss; thus if the amended complaint could not survive 12(b)(6) scrutiny, then the amendment

4

is futile and leave to amend is properly denied." *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996).  When ruling on a "Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must . . . accept all factual allegations in the complaint as true[,]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), "and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff," *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

In order to state a claim under § 10(b) and Rule 10b–5, a plaintiff must show the following: (1) a material misrepresentation or omission (i.e., "falsity"); (2) scienter; (3) the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011).[3] In this Circuit, scienter is sufficiently alleged by facts demonstrating "an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or so obvious that the defendant must have been aware of it." *FindWhat*, 658 F.3d at 1300. An inference of scienter is "strong" if it is "cogent and compelling" and "at least as likely as any plausible opposing inference." *Tellabs*, 551 U.S. at 324, 328 (emphasis in original). When competing inferences are shown, the tie goes to the plaintiff. *Id.* The relevant inquiry "is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Id.* at 310, 322 (emphasis in original).

In addition to the facts in the AC showing that Defendants were severely reckless to recognize revenue before the Centers for Medicare and Medicaid Services audit was complete and the nature and magnitude of the restatement of fiscal 2021 revenue, the SAC further pleads that that Cano wholly lacked internal controls over financial reporting. *See* SAC ¶¶ 57-80. Defendants

---

[3] Defendants challenge only scienter and loss causation. *See* MTD at 12-28.

argue that the use of the incorrect accounting methodology did not support an inference of scienter because Cano's "prior outside auditor approved its revenue recognition methodology." MTD at 14-15.  While the AC alleged that Cano had improperly recognized revenue before the amounts could be estimated accurately, the SAC further pleads that Cano's internal controls were "overly manual" and "provided limited predictive power" because of "data variability" and "gaps in real-time data reporting." AC ¶¶ 41-51; SAC ¶¶ 57-66. Therefore, by the newly installed management's own admission, the Company lacked an adequate basis to report revenue under its claimed methodology—regardless of whether that methodology was the proper means to recognize revenue.

It was severely reckless for Defendants to issue its Class Period statements, including those statements regarding revenue and internal controls, when Cano's revenue recognition processes had admittedly limited predictive power because they were overly manual, fraught with errors, and suffered from data variability and gaps in real-time data reporting. *See, e.g.*, *Schueneman v. Arena Pharm.*, Inc., 840 F.3d 698, 708 (9th Cir. 2016) ("Defendants' own response to the issue contributes to an inference of scienter here."); *Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 76-83 (1st Cir. 2002) (subsequent public statements supported "an extremely reasonable inference" that the company had previously engaged in improper conduct).

Moreover, Defendants cited the lack of confidential witnesses as an indication that there were insufficient allegations to plead scienter. MTD at 3. Setting aside that confidential witnesses are not necessary to show a strong inference of scienter, the SAC remedies this purported deficiency by including the accounts from three confidential witnesses who corroborate that the data underlying accounting was not reliable, was not supported by underlying documentation, and was manipulated to report higher-paying billing codes. SAC ¶¶ 68-80.  These additional facts

6

support the Company's own admissions that it lacked effective internal controls over financial reporting and demonstrate that Cano's processes were ineffective throughout the Class Period. *See Luczak v. Nat'l Beverage Corp.*, 812 F. App'x 915, 925 (11th Cir. 2020) (holding confidential witness accounts can support a strong inference of scienter where they are "described with sufficient particularity to establish [the witness's] reliability and personal knowledge" and the statements are "indicative of scienter"). That these deficiencies were discovered by the newly installed CEO within months of his tenure further demonstrates that the Individual Defendants were severely reckless. *In re New Century*, 588 F. Supp. 2d 1206, 1231 (C.D. Cal. 2008) ("the fact that [a] new CEO . . . discovered the [issues] within months of taking the position is a strong indication that these [misstatements] were obvious enough that a new officer found them quickly"); *see also In re Reliance Sec. Litig.*, 91 F. Supp. 2d 706, 725 (D. Del. 2000) (allegations that new CFO "discovered that the Company's income was overstated within weeks of becoming its CFO" support scienter).

## CONCLUSION

Because the amendment in the proposed SAC would not be futile, Plaintiff respectfully requests that the Court grant Plaintiffs leave to file the proposed SAC, and deem Defendants' pending Motion to Dismiss and Motion to Strike moot.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Lead Counsel hereby certify that, pursuant to Local Rule 7.1(a)(3), the parties have conferred and counsel for Defendants do not consent to the relief requested herein.

7

Dated: October 25, 2023

Respectfully submitted,

*By: s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
601 21st Street, Suite 300
Vero Beach, Florida 32960
Telephone: 772.231.9600
 lwd@desmondlawfirm.com

*Liaison Counsel for Gudelio Fundora and for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Casey E. Sadler (admitted pro hac vice)
Pavithra Rajesh (admitted pro hac vice)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: csadler@glancylaw.com
       prajesh@glancylaw.com

*Counsel for Lead Plaintiff Gudelio Fundora and Lead Counsel for the Class*

## PROOF OF SERVICE

I hereby certify that on this 25th day of October, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Leo W. Desmond*
Leo W. Desmond
