**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-20827-CV-WILLIAMS**

ALBERTO GONZALEZ, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

CANO HEALTH, INC., *et al.*,

      Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on the Motion for Leave to Amend the Amended Class Action Complaint (DE 65) ("***Motion***") filed by Lead Plaintiff Gudelio Fundora ("***Plaintiff***") to which Defendants filed a Response (DE 66) and Plaintiff filed a Reply (DE 68).  For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I.    BACKGROUND

This securities litigation began on March 18, 2022, upon the filing of the original Class Action Complaint (DE 1), alleging violations of the Securities Exchange Act of 1934 ("***Exchange Act***") and the Private Securities Litigation Reform Act of 1995 ("***PSLRA***"). Following the published notice advising class members of the purported class, from May until December 2022, various members of the proposed class filed motions seeking appointment as lead plaintiff and approval of lead counsel pursuant to the Exchange Act, as amended by the PSLRA.  15 U.S.C. § 78u-4(a)(3)(A)(i).  On December 22, 2022, the Court appointed Gudelio Fundora as Lead Plaintiff and approved Glancy Prongay &

Murray LLP and Desmond Law Firm P.C. as Lead Counsel and Liaison Counsel respectively.  (DE 45.)

Lead Plaintiff filed the Amended Class Action Complaint (DE 51) on February 21, 2023, and Defendants subsequently filed their Motion to Dismiss (DE 54) on April 7, 2023. Following briefing on Defendants' Motion to Dismiss and Defendants' Motion to Strike Portions of Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (DE 60), Lead Plaintiff filed the instant Motion, seeking leave to amend the Amended Class Action Complaint.

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may "amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court held that leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment."  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  While the "court should freely give leave when justice so requires," whether an opportunity to amend is granted or denied remains within the "extensive discretion" of the district court.  Fed. R. Civ. P. 15(a)(2); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).

## III.   DISCUSSION

Lead Plaintiff seeks to amend the Amended Class Action Complaint to expand the class period and include new factual allegations related to information disclosed on

August 10, 2023, by Defendant Cano Health, Inc.'s ("**Cano**" or "**Company**") newly appointed interim Chief Executive Officer, Mark Kent.  (DE 65 at 1.)  Following the disclosure, Lead Plaintiff conducted a further investigation into the newly disclosed information, including interviewing several former Cano employees and an accounting expert to substantiate and supplement allegations that Cano's deficient controls amounted to violations of the Exchange Act and PLSRA.  (DE 65 at 3.) In response, Defendants argue any amendment would be futile because even with the newly added facts included in the proposed second amended class action complaint, Lead Plaintiff fails to successfully plead loss causation and scienter.  (DE 66 at 8–20.)

Upon review of the proposed second amended class action complaint, it is clear that Lead Plaintiff alleges new facts and raises new issues that were not addressed in the Amended Class Action Complaint and the Parties' briefing on Defendants' Motion to Dismiss.  Following the disclosure of the new information, Lead Plaintiff reasonably conducted further investigation and filed the instant Motion with the proposed amended complaint in relatively short order.  Furthermore, Lead Plaintiff has not in any bad faith and since the Court has not ordered the Parties to participate in any discovery prior to the resolution of the Parties' pleadings, the Court does not find any undue prejudice to Defendants if Lead Plaintiff is permitted to amend the class action complaint.

Defendants contend that the amendment is futile, arguing that the Court must examine the proposed amendment under the more "stringent test" imposed by the PSLRA.  (DE 66 at 8.)  However, the PSLRA does not affect the application of Rule 15(a) and the Court's consideration of the instant Motion.  *See Anastasio v. Internap Network Servs. Corp.*, 2009 WL 2486317, at *1 (N.D. Ga. Aug. 12, 2009) (collecting cases).  At

this juncture, the Court finds that the amendment is appropriate.  As such, while the unique procedural processes of this putative securities class action suit have created some delay, in the absence of any undue delay, bad faith, undue prejudice, or repeated failure to cure deficiencies, the Court concludes it should grant Plaintiff leave to file the proposed second amended complaint and allow Defendants a reasonable amount of time to file a renewed motion to dismiss or other appropriate response.[1]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Lead Plaintiff's Motion for Leave to Amend the Amended Class Action Complaint (DE 65) is **GRANTED**.

2. Lead Plaintiff shall file the second amended class action complaint **WITHIN THREE (3) DAYS** of the date of this Order.

3. Defendants shall file a response to the second amended class action complaint **WITHIN THIRTY (30) DAYS** of Lead Plaintiff's filing of the second amended class action complaint.

4. Defendants' Motion to Dismiss the Amended Class Action Complaint (DE 54) and Defendants' Motion to Strike Portions of Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (DE 60) are **DENIED AS MOOT**.

---

[1] The Court advises the Parties that barring exceptional and extraordinary circumstances, Lead Plaintiff's second amended class action complaint shall be the last and final complaint filed in this litigation.

      **DONE AND ORDERED** in Chambers in Miami, Florida, this <u>3rd</u> day of January, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE