**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20827-CIV-WILLIAMS/SANCHEZ**

ALBERTO GONZALEZ, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

CANO HEALTH, INC. f/k/a JAWS
ACQUISITION CORP., MARLOW
HERNANDEZ, and BRIAN D. KOPPY,

        Defendants,

**PLAINTIFF'S RESPONSE TO NOTICE OF SUGGESTION OF PENDENCY OF**
**BANKRUPTCY (DKT. NO. 75)**

In response to Defendants' Notice of Suggestion of Bankruptcy (Dkt. No. 75), Lead Plaintiff Gudelio Fundora ("Plaintiff") respectfully submits that the automatic stay of proceedings set forth by Section 362(a) of the Bankruptcy Code only applies to Defendant Cano Health, Inc. ("Cano") and that the above-captioned litigation can continue against Defendants Marlow Hernandez and Brian D. Koppy (the "Individual Defendants").

The automatic stay applies to "only formal legal proceedings against the debtor," not proceedings against non-debtor parties, their property, or to litigation that collaterally affects the debtor. *In re Stuart*, 594 B.R. 834, 840 (Bankr. N.D. Ga. 2018) (collecting cases). The bankruptcy proceedings have been initiated by Cano and certain of its subsidiaries, not by the Individual Defendants. *See* Dkt. No. 75 at 1. Accordingly, the automatic stay applies only as to Cano, and the litigation should proceed against the Individual Defendants. *See In re Unicapital Corp. Sec. Litig.*, 149 F. Supp. 2d 1353, 1362 n.11 (S.D. Fla. 2001) (ruling on motion to dismiss by former

1052989.2

executives but recognizing that "this action is currently stayed with respect to [the company] by operation of the Bankruptcy Code's automatic stay provision"); *Feng v. Walsh*, 2021 WL 8055449, at \*1 (S.D. Fla. Dec. 21, 2021) (similar); *see also In re Netbank, Inc. Sec. Litig.*, 2009 WL 2432359, at \*3 (N.D. Ga. Jan. 29, 2009) (entity seeking Chapter 11 reorganization was not named in securities complaint, and action proceeded against the officers and directors).

Prior to filing this response, counsel for Plaintiff met and conferred with counsel for Defendants, who stated that they believe the automatic stay also applies to the Individual Defendants. Defendants' position is inconsistent with the filing of their motion to dismiss on February 5, 2024, one day after Cano had commenced its bankruptcy proceedings: if the automatic stay applied to all parties, then there would have been no reason to file the motion to dismiss. *See* Dkt. No. 75 at 1. Moreover, if Defendants believe that the litigation is also stayed as to the Individual Defendants, they must affirmatively seek such relief, which they have failed to do. *See generally In re Colonial BancGroup, Inc. Sec. Litig.*, 2010 WL 119290, at \*3 (M.D. Ala. Jan. 7, 2010) (rejecting motion to extend automatic stay to non-debtors in securities class action and declining discretionary stay); *In re Sunbeam Sec. Litig.*, 261 B.R. 534, 537 (S.D. Fla. 2001) (similar).

For the avoidance of doubt, Plaintiff will timely respond to Defendants' motion to dismiss the second amended complaint on March 6, 2024.

Dated: February 8, 2024                    Respectfully submitted,

                                           */s/ Leo W. Desmond*
                                           Leo W. Desmond, Esquire
                                           Florida Bar Number 0041920
                                           **DESMOND LAW FIRM, P.C.**
                                           600 21st Street, Suite 300
                                           Vero Beach, Florida 32960
                                           Telephone: 772.231.9600

1052989.2

Facsimile: 772.217.6134
lwd@desmondlawfirm.com

*Liaison Counsel for Gudelio Fundora and for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Casey E. Sadler (admitted pro hac vice)
Pavithra Rajesh (admitted pro hac vice)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: csadler@glancylaw.com
        prajesh@glancylaw.com

*Counsel for Lead Plaintiff Gudelio Fundora and Lead Counsel for the Class*

## PROOF OF SERVICE

I hereby certify that on this 8th day of February, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Leo W. Desmond*
Leo W. Desmond

1052989.2